### Brooks, By, etc. v. Madden, et al.

(Decided March 9, 1923.)

## Appeal from Fayette Circuit Court.

1. Action—Pleading—Actions Against Employer and Racing Association Held Improperly Joined—Motion to Require Election Proper in Case of Misjoinder—On Refusal to Elect, Court Properly Struck Out One Cause of Action.—A petition by an infant against his

former employer for damages caused by false imprisonment and against a racing commission to enjoin it from interfering with the obtaining of employment by the infant manifests a clear misjoinder of causes of action, under Civil Code of Practice, section 83, so that a motion to require plaintiff to elect between them under the provisions of section 85 was properly sustained, and it was proper for the court to strike from the petition the cause of action against the racing commission after plaintiff refused to elect between the causes, and thereafter to reject an amended petition by which the racing commission was again sought to be brought into the case upon facts which formed an equally independent and separate cause of action.

2. Apprentices—Contract not Complying with Statute is Valid in so Far as Executed.—A contract attempting to create the relationship of master and apprentice, but not complying with the requirements of Kentucky Statutes, 1922, sections 2591-2610, is valid in so far as it was executed.

3. False Imprisonment—Master not Liable for False Imprisonment Because Apprenticeship Contract was Invalid.—Even if there were an attempt to apprentice an infant to defendant, which was abortive because of a failure to conform to the statutory prerequisites to the creation of that relationship, the only consequence would be the loss to each party of the remedies given by the statute for the enforcement of the relationship, and the master would not be thereby rendered liable for false imprisonment because of services rendered under the contract.

4. False Imprisonment—Directed Verdict Justified.—Evidence that an infant and his mother had contracted that he should render services for defendant at a stipulated wage, payable partly to the boy and partly to the mother, that the wage had been paid and received by the boy and his mother during the entire time the services had been rendered, without any evidence the master had coerced the boy into taking trips referred to, though the boy testified he was forced to take one trip by some negro not shown to be in defendant's employ, held not to show false imprisonment by defendant, so that a verdict in his favor was properly directed.

R. E. L. MURPHY for appellant.

HUNT, NORTHCUTT & BUSH for appellee State Racing Commission.

J. KEENE DAINGERFIELD for appellee Madden.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellant, James Brooks, an infant by his next friend, Jonas Ellis, filed this action in the Fayette circuit court seeking by the original petition the recovery of a judgment against defendant, Madden, for the sum

of twenty-five thousand dollars, and "to prohibit" defendant, State Racing Commission, from its alleged unlawful interference with plaintiff in obtaining employment by others than Madden as an exerciser and rider of race horses. It was alleged in the petition that Madden owned a farm in Fayette county whereon he bred and trained race horses and ran them on the various tracks of the country; that in 1916 plaintiff began work for him on that farm as an exerciser of horses, and that some time in 1917 he was forced by Madden against his will to go with and look after a lot of horses, which were sent to the city of Louisville for training or some other purpose; that in like manner he was later compelled by Madden against his will to go to New York on a similar mission, and that under compulsion he was forced to serve Madden until December 2, 1919, when he managed to make his escape and returned to his mother in Lexington, and that as a consequence "he has suffered great injury and damage by reason of being restrained of his liberty and being compelled to labor and serve the defendant, John E. Madden, against his will and consent, and being transported out of the state of Kentucky against his consent in the full sum of twenty-five thousand dollars ($25,000.00)." The alleged wrongful acts committed by the State Racing Commission, as appears from the petition, were done after plaintiff escaped from his imprisonment by Madden and returned to Lexington.

On June 3, 1920, Madden entered motion to require plaintiff to elect as against which defendant he would proceed, upon the ground that the causes of action attempted to be relied on against the separate defendants were entirely distinct and wholly disconnected. That motion was sustained and plaintiff was given ten days in which to make his election. He declined to do so but moved the court to elect for him, which motion was overruled, and he then filed a written motion declining to elect. Whereupon, the court elected for him that he should prosecute his supposed cause of action against Madden and dismissed it as against the State Racing Commission. At a subsequent term of the court plaintiff tendered an amended petition in which he alleged that by the wrongful acts of the State Racing Commission he had been deprived of work for others than Madden and of earning wages of one hundred dollars per month which his skill and ability commanded and that he was

compelled to work at other employment at about thirty dollars per month and that he had thereby been damaged in the sum of $889.20, for which he sought judgment against both defendants, and that the State Racing Commission be "enjoined" instead of "prohibited," as prayed in the original petition, from further interference with his employment. The court declined to allow that amendment to be filed. Madden, in his answer, denied the alleged grounds of complaint against him and affirmatively pleaded that he entered into a written contract with plaintiff and his mother (the father being dead) by which he employed the services of plaintiff for one year as a hostler and an exerciser of horses and to train him as a race rider with the privilege of extending that contract for another year at a stipulated monthly wage, a part of which was to be paid to plaintiff and the remainder to his mother, and that the contract was strictly performed by him according to its terms and obligations. Appropriate pleadings made the issues and upon trial the court gave a peremptory instruction in favor of Madden and overruled plaintiff's motion for a new trial, from which judgment he has appealed.

From the above brief statement of the pleadings it requires no argument or citation of cases to show that, under the provisions of section 83 of the Civil Code of Practice, there was a clear misjoinder of causes of action, and under the provisions of section 85 of the same Code the motion to require plaintiff to elect was properly sustained, and under the same provisions it was likewise proper for the court to strike from the petition either of the improperly joined causes upon plaintiff's refusal to elect. That being true, it necessarily follows that the court did not err in rejecting the offered amended petition by which the State Racing Commission was again sought to be brought into the case upon substantially the same facts as alleged against it in the original petition, or upon facts which formed an equally independent and separate cause of action, if any at all. There is therefore no ground for complaint against the judgment in favor of the State Racing Commission.

A vigorous argument is made in brief of counsel for plaintiff that Madden, under the alleged facts, was guilty of peonage as defined by section 3944 of the Federal Statutes and punished as prescribed by section 10444 of the same statutes. But that argument does not appeal

to us because the facts appearing in the record do not constitute peonage within the contemplation of that statute.

Plaintiff's counsel also insists that the facts show an effort to create the relationship of "master and apprentice," as provided by chapter 84 of the 1922 edition of Carroll's Kentucky Statutes, nearly all of the sections thereof are copied in brief, and that they were not complied with and because of which, he reasons, that a great wrong was perpetrated on his client, for which he is entitled to recover. This court, however, in the case of Cain v. Garner, 169 Ky. 633, held that such contracts were valid in so far as they were executed and, inferentially, it was held that they did not come within the purview or were included in the statutory provisions for apprenticing minors, and for that reason the reliance of counsel upon the statute can be given no effect in this case. If, however, there had been an attempt to apprentice plaintiff to the defendant, Madden, and it was abortive because of a failure to conform to some statutory prerequisite in order to create the relationship, it would then remain to be shown that the master would be liable for false imprisonment because of services executed pursuant thereto. We are thoroughly convinced that the only consequence of such an abortive effort, provided the relationship was wrongfully entered into, would be the loss to each party of the remedies given by the statute for the enforcement of that relationship, and not a right to recover damages because of the failure to comply with the statute, which, therefore, it is clearly apparent has no bearing upon the case whatever.

Plaintiff and his mother, who testified as a witness in his behalf, claimed that the written contract entered into in the early part of 1917, after he had worked some time under an oral one, was not signed by the latter, although it is conclusively proven that plaintiff himself signed it. We are thoroughly convinced, however, that if the mother did not in fact sign her name to it she consented thereto. However, we do not consider that fact either material or anywise important, since it is admitted by both of them that throughout the term of service the agreed wages were paid monthly, he receiving his proportion and his mother her proportion. It is true that he testified that some colored person at the stables on defendant's farm drew a revolver on him and

forced him against his consent to make the first trip from Lexington to Louisville, but there is no pretense that such person represented Madden or had any authority to act for him or was even working for him. It is not pretended that he was in any manner forced by any one to remain in Louisville, where he continued to draw his monthly wages, nor was he in any manner forced to leave Louisville and go to New York with the horses of defendant. It is true he and his mother testified that the latter was not notified of the contemplated trip to Louisville, but as stated both he and she continued to draw the wages from that time till he quit the employment. The alleged cause of action therefore, if we should concede the sufficiency of the petition as against Madden, is about as much unproven as any case which has come under our observation, and there being no violation of any statute affording the cause of action, the court properly directed the verdict in favor of defendant.

Wherefore, the judgment is affirmed.